## SAGER *v.* DORR.

*(Supreme Court, General Term, Third Department.* February 7, 1889.)

WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENTS.

Plaintiff sued for board furnished defendant's intestate, and the defense, which there was evidence to support, was that in payment for the board intestate had furnished the household supplies. Plaintiff was permitted to testify that she paid for all the supplies, and that no one else did. It did not appear whether she meant that she personally purchased and paid for the supplies, or whether she did so through intestate as her agent. *Held,* that she would be presumed to have meant the former, in which view she was not disqualified by Code Civil Proc. N. Y. § 829, providing that a party to an action against an administrator shall not testify as to any personal transaction or communication had with the latter's intestate.

Appeal from special term, Albany county.

Catharine Sager presented a claim against Margaret E. Dorr, administratrix of Elisha Dorr, deceased, which was referred under the statute. The referee found for plaintiff, and defendant moved to set aside his report. This motion being denied, and the report being confirmed, defendant appeals. Code Civil Proc. N. Y. § 829, provides that a party to or person interested in the result of an action shall not be examined as a witness in his own behalf in an action against the personal representative of a deceased person concerning a personal transaction or communication had between the witness and the deceased person.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*Moak & Buchanan,* for appellant.    *Parker & Countryman,* for respondent.

LANDON, J. The testimony on the part of the plaintiff tended to show that Elisha Dorr, the defendant's intestate, had boarded with her for upwards of six years prior to his death; that he had repeatedly stated that he was boarding with and had not paid her. The testimony on the part of the defendant was to the effect that Dorr did live or board with the plaintiff under an agreement which was fully performed by him, to the effect that he should. pay the expenses of the table and household in return for his board and lodging. Much testimony was given in support of these respective claims. The finding of the referee in favor of the plaintiff is within the evidence tending to establish her claim, and amply supported by it.

The only question we shall examine is whether certain testimony given by the plaintiff in support of her claim was properly admitted, under section 829 of the Code. She was permitted to testify, notwithstanding objection, that she paid for the meat, flour, and other family supplies, and that no other person paid for them. This testimony tended to rebut the claim which the testimony of the defendant tended to support—that the decedent paid for his board by furnishing such supplies. The defendant, the administratrix, had testified in her own behalf to conversations between the deceased and herself in the presence of the plaintiff at the house of the latter, in which the deceased spoke about buying tea and coffee, ham and pork, and the prices he paid for them. She also testified that on one occasion the deceased said to the plaintiff that he would buy a barrel of flour and some buckwheat the next time he went to the city; and that soon after the deceased and defendant went to the city, and deceased ordered a barrel of flour and some buckwheat flour, and they were placed in the wagon of the witness, and delivered to the plaintiff at her house; that she frequently saw the deceased carry baskets of groceries to the plaintiff's house. Several of the next of kin of the deceased testified in behalf of the defendant to similar conversations between them and the deceased in the presence of the plaintiff, also to the purchase of household supplies by the deceased, and the delivery of them to the plaintiff.

The plaintiff then, as a witness in her own behalf, was examined respecting the same transactions between herself and the deceased, and his conver-

:sations in her presence of which the defendant and the next of kin had spoken. No objection is urged to this portion of her testimony. But under objection taken under section 829 of the Code, and overruled, she testified that she paid for all her family supplies herself, and that no one else did. In one aspect of the case this was equivalent to her testifying that she paid for them through Dorr as her agent, and would imply the personal transactions between herself and Dorr which constituted him her agent. If this were the only aspect in which her testimony could be considered it would be difficult to justify the admission of the testimony, for a single fact, whose only significance is that it is the sum of the personal transactions between the party and the deceased, and implies their occurrence, would be, in effect, equivalent to the testimony detailing the transactions themselves.

But the testimony of the plaintiff does not, of itself, show that the plaintiff meant to be understood that she did not personally pay for the supplies. If defendant's counsel had supposed her to mean that she paid for them through Dorr as her agent, he should have asked her if such was her meaning. If she had said, "Yes," then the inadmissibility of the evidence would have appeared. But, as it is, her testimony seems to signify that she paid for them personally, and if so then that transaction was between herself and the trades-men, and not between her and the deceased, and therefore not obnoxious to the provision of the Code. The objection was properly overruled.

The claim of the defendant that the plaintiff destroyed or abstracted any of the papers of the deceased does not appear to be established by the evidence. Judgment affirmed, with costs. All concur.